UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HANS LAKE,<br>Booking #17136590,<br><br>                               Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S<br>DEPARTMENT, et al.<br><br>                               Defendants. | Case No.: 17-cv-2125-AJB-KSC<br><br>**1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS MOOT [ECF Nos. 2, 3]** |

STEVEN HANS LAKE ("Plaintiff"), currently incarcerated at Sheriff's Department George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, filed two civil actions in this Court on the same day, both accompanied by a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1).

In *Lake v. San Diego County Sheriff's Dept., et al.* ("*Lake I*"), S.D. Cal. Civil Case No. 3:17-cv-02124-JLS-AGS, assigned to Judge Sammartino, and filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges the same claims against the same Defendants, and related to events occurring on the same days, as he does in this case. *Compare* ECF No. 1 in

1

Civil Case No. 3:17-cv-02124-JLS-AGS *with* ECF No. 1 at Civil Case No. 3:17-cv-02125-AJB-KSC. The only difference between the two Complaints is the alleged basis for federal jurisdiction. In this case, Plaintiff invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331, and seeks damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 1 at 1.

But all of the named Defendants in this action, Civil Case No. 3:17-cv-02125-AJB-KSC ("*Lake II*"), are local municipalities and actors sued in their official and individual capacities for having allegedly violated Plaintiff's constitutional rights at GBDF and under color of state, not federal, law. *See* ECF No. 1 at 1-2. *Bivens* is the "federal analog" to a civil rights action filed pursuant to 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* actions are identical to actions brought pursuant to Section 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."). However, a *Bivens* action can only be brought against an individual *federal* official in his or her individual capacity. *Morgan v. United States*, 323 F.3d 776, 780 n.3 (9th Cir. 2003) (emphasis added) (citing *Vacarro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996)).

**I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a

2

defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint in this case is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because, as noted above, he cannot bring a *Bivens* action against state and local officials. And even if the Court were, in light of Plaintiff's pro se status, to liberally construe his claims in *Lake II* as arising under § 1983, his allegations are simply duplicative of the ones he has currently pending before Judge Sammartino in *Lake I*. *See* ECF No. 1 in Civil Case No. 3:17-cv-02124-JLS-AGS; *cf.,* ECF No. 1 in Civil Case No. 17-cv-02125-AJB-KSC. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

Therefore, because Plaintiff is currently prosecuting the identical factual claims presented in the instant action against the same Defendants in *Lake v. San Diego Sheriff's Dept. et al.,* S.D. Cal. Civil Case No. 3:17-cv-2124-JLS-AGS,[1] the Court must dismiss

---

[1] On November 27, 2017, Judge Sammartino granted Plaintiff leave to proceed IFP in *Lake 1,* denied his request for appointment of counsel, and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lake I,* S.D. Cal. Civil Case No. 3:17-cv-02124-JLS-AGS, ECF No. 4. Plaintiff has been apprised

3

this duplicative and concurrently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action sua sponte as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), **DENIES** as moot Plaintiff's Motions to Proceed IFP (ECF No. 2), and to Appoint Counsel (ECF No. 3), and **CERTIFIES** that an IFP appeal in this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk will terminate this action and close the file.

**IT IS SO ORDERED**.

Dated: December 18, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

of his pleading deficiencies, however, and has been granted leave to amend them with respect to the individual Defendants. *Id.* at 10-12.